IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60163
Summary Calendar
_____

JESSIE LEE LEWIS; ET AL,

                                        Plaintiffs,

JESSIE LEE LEWIS; ALL PLAINTIFFS;
MARY LEWIS; JESSICA LEWIS; HENRY GREEN,

                                        Plaintiffs-Appellants,

versus

ILLINOIS CENTRAL RAILROAD COMPANY,

                                        Defendant-Appellee.

----------------------

Appeal from the United States District Court
for the Southern District of Mississippi
(3:97-CV-803-BN)
----------------------

September 17, 1999

Before POLITZ, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     In this tort suit arising our of the derailment of a railcar

owned by Defendant-Appellee Illinois Central Railroad Company

(the "IC"), and the resulting evacuation of area residents,

including Plaintiffs-Appellants James Lee Lewis, et al., the

district court entered summary judgment in favor of the IC and

dismissed Appellants' claims alleging negligence, res ipsa

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

loquitur, strict liability, nuisance, and trespass.  Appellants claim that the district court disregarded material fact issues in dispute and improperly drew inferences in favor of the IC, the moving party.  As the court applied an inappropriate legal standard for summary judgment.  Appellants insist, the district court's grant of summary judgment should be reversed and the case remanded for trial.

We review the grant of a motion for summary judgment <u>de novo</u>, applying the same standard as the district court.[2]  The entry of summary judgment is mandated, "after adequate time for discovery and upon motion, against the party who fails to make a sufficient showing to establish the existence of an essential element of that party's case."[3]  After the moving party identifies the absence of a material fact, the non-moving party cannot rest simply on its pleadings, but must designate "specific facts showing that there is a genuine issue for trial."[4]  Contrary to the assertions of Appellants, neither we nor the district court should weigh the evidence or make credibility determinations when evaluating depositions, affidavits, or other summary judgment evidence.[5]  We do, however, construe the facts

---

[2]<u>Ellison v. Conner</u>, 153 F.3d 247, 251 (5th Cir. 1998); <u>McDaniel v. Anheuser-Busch, Inc.</u> 987 F.2d 298, 301 (5th Cir. 1993).

[3]<u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 322 (1986).

[4]<u>Id.</u> At 324.

[5]<u>Richardson v. Oldham</u>, 12 F.3d 1373, 1379 (5th Cir. 1994); <u>Berry v. Armstrong Rubber Co.</u>, 989 F.2d 8 22, 824 (5th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1117 (1994).

and resolve all inferences in favor of the non-moving party, in this case, the Appellants.[6]

We conclude ---- based on the parties' briefs and our <u>de novo</u> review of the district court's opinion and the record on appeal ---- that summary judgment was properly granted to the IC on each issue raised in Appellants' complaint.  Appellants' impassioned pleas that "a healthy dose of common sense raise(s) a genuine issue of material fact" and that "(p)laintiffs are not wealthy, and have little extra income to spend on soil testing" does not negate the reality that Appellants have presented no facts ---- through deposition testimony, affidavits, interrogatories, or other summary judgment evidence ---- to raise a genuine issue for trial.  For essentially the same reasons as those expressed in the thorough and well-reasoned opinion of the district court, we affirm the grant of summary judgment in favor of the IC dismissing Appellants' action in its entirety.

AFFIRMED.

---

[6]<u>Ellison</u>, 153 F.3d at 251.